UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO JOHNSON,

Petitioner,

Case No. 14-cv-12483

Hon. Patrick J. Duggan

v.

MARY BERGHUIS,

Respondent.
_______________________/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS**

## I. INTRODUCTION

This is a habeas case brought pursuant to 28 U.S.C. § 2254. On March 9, 2006, Michigan prisoner Mario Johnson ("Petitioner") was sentenced to 114 months to 40 years in prison for his Wayne Circuit conviction of possession with intent to distribute cocaine. Petitioner alleges that: (1) the trial court considered a homicide for which Petitioner was acquitted in imposing sentence, (2) Petitioner was denied the effective assistance of counsel, and (3) Petitioner has shown cause for failing to raise the forgoing claims during his direct appeal. After preliminary review of the petition, the Court ordered Petitioner to show cause why the petition should not be dismissed for

failure to comply with the one-year statute of limitations. After granting Petitioner an extension of time to file a response to the show cause order, Petitioner failed to file a response. For the reasons stated below, the petition will be dismissed for failure to comply with the statute of limitations.

## II. BACKGROUND

The petition states that the Michigan Court of Appeals affirmed Petitioner's conviction following his direct appeal on September 11, 2007. *People v. Johnson*, No. 269104 (Mich. Ct. App. 2007). Petitioner states that he did not appeal this decision to the Michigan Supreme Court.

According to the trial court docket sheet, Petitioner first filed for collateral review when he filed a motion to correct an invalid sentence on October 21, 2009.[1] The trial court denied the motion on November 13, 2009. Petitioner filed several additional motions seeking post-conviction relief in the trial court, the last of which he alleges was denied on May 7, 2012. He did not appeal the denial of any of these motions.

Petitioner also filed a motion for relief from judgment in the trial court on May

[1] The Court may take judicial notice of public documents considered "not to be subject to reasonable dispute." *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999). The docket sheet for Petitioner's case can be found at: https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=155187

12, 2011. The trial court denied the motion on November 30, 2011. Petitioner attempted to appeal this decision, but the Michigan Court of Appeals dismissed the appeal on jurisdictional grounds because Petitioner's motion constituted a second motion for relief from judgment that was not appealable under Michigan Court Rule 6.502(G)(1). *People v. Johnson*, No. 311929 (Mich. Ct. App. Sept. 27, 2012). Petitioner also attempted to appeal this decision, but the Michigan Supreme Court likewise dismissed the appeal under Rule 6.502(G)(1). *People v. Johnson*, No. 146228 (Mich. Sup. Ct. June 25, 2013).

Petitioner signed and dated his federal habeas petition on January 30, 2014, but it was postmarked on June 19, 2014, and filed on June 24, 2014.

## III. LEGAL STANDARD

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing Section 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856, 114 S. Ct. 2568, 2572 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). A preliminary question in a habeas case brought by a state prisoner is whether Petitioner

complied with the one-year statute of limitations. "[D]istrict courts are permitted . . . to consider *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209, 126 S. Ct. 1675, 1684 (2006).

## IV. DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Absent equitable tolling, a petition for writ of habeas corpus must be dismissed where it has not been filed before the limitations period expires. *See* 28 U.S.C. §

2244(d)(1); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

Petitioner does not argue in his petition that there was an impediment to filing his federal habeas petition created by State action, that his claim is based on a newly discovered factual predicate, or that it is based on a new rule of law. Therefore, the potential starting points under § 2244(d)(1)(B), (C), and (D) do not apply to his petition. The applicable starting point therefore is the date on which his conviction became final under § 2244(d)(1)(A).

The Michigan Court of Appeals denied relief on Petitioner's direct appeal on September 11, 2007. Petitioner then had 56 days to appeal this decision to the Michigan Supreme Court, but he admits that he failed to do so. Accordingly, the statute of limitations started running on December 6, 2007, when the time for seeking review in the state supreme court ended. *See Ross v. McKee*, 465 F. App'x 469, 473 (6th Cir. 2012). It then expired one year later, on December 6, 2008.

AEDPA's one-year limitations period is tolled when a prisoner seeks collateral review of his conviction in state court. *Wall v. Kholi*, 131 S. Ct. 1278, 1282 (2011) ("the 1-year limitation period is tolled during the pendency of 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.' § 2244(d)(2).").

Here, according to the trial court's docket sheet, Petitioner's first motion for

collateral review was filed on October 21, 2009, after the limitations period had already expired. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no time remaining to be tolled. *Hargrove v. Brigano,* 300 F.3d 717, 718 n.1 (6th Cir. 2002); *Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003).

The petition is therefore time barred unless Petitioner demonstrates grounds for equitable tolling. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). A petitioner is entitled to equitable tolling if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 2562 (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005)). A petitioner may also be eligible for equitable tolling if he demonstrates a credible claim of actual innocence, so that by refusing to consider his petition due to timeliness the court would cause a fundamental miscarriage of justice. *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). Equitable tolling is used "sparingly" by the federal courts. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The party seeking equitable tolling bears the burden of proving that he is entitled to it. *Id*.

The Court ordered Petitioner to respond to the show cause order by July 30, 2014, and subsequently extended the response deadline, at Petitioner's request, to

September 3, 2014. To date, no response has been filed and the extended deadline has expired. The petition does not allege any grounds for equitable tolling, nor are any grounds apparent in the petition itself. Therefore, because Petitioner's application for habeas relief was filed after expiration of the one-year limitations period, and because he has failed to demonstrate grounds for equitably tolling, the petition will be summarily dismissed.

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

Having undertaken the requisite review, the Court concludes that jurists of

reason could not find debatable the Court's procedural ruling that the petition is untimely. The Court will additionally deny Petitioner permission to proceed on appeal in forma pauperis because any appeal would be frivolous.

## V. CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**. In addition, a certificate of appealability is **DENIED** and permission to proceed on appeal in forma pauperis is **DENIED**.

**SO ORDERED.**

s/Patrick J. Duggan
United States District Judge

Dated: October 2, 2014

Copy to:

Mario Johnson